## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT TOWING & SALVAGE CO., INC., ET AL.,**<br>     **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  21-1331 c/w**<br>        **21-1390, 21-1953** |
| **M/V JALMA TOPIC,**<br>     **Defendant** | **SECTION: "E" (2)** |

*Applies to:  21-1390*

## ORDER AND REASONS

Before the Court is Proposed Claimant Gawain M. Schouest's motion for leave to file a late claim and answer to the verified complaint in limitation.[1] Petitioners in Limitation Lotina Navigation Co. and Marfin Management S.A.M. (collectively, "Petitioners") have timely filed an opposition.[2] Schouest has filed a reply.[3] For the following reasons, Schouest's motion is **GRANTED**.

## BACKGROUND

On July 12, 2021, the M/V JALMA TOPIC was traveling up the Mississippi River near New Orleans when its rudder stuck to port, causing the vessel to allide with a barge and dock structure owned by Crescent Towing & Salvage Co., along with several small boats owned by Cooper/T. Smith Mooring Co., situated on the west bank of the river.[4] On July 22, 2021, Petitioners, the owner and managing owner of the M/V JALMA TOPIC,

---

[1] R. Doc. 27.
[2] R. Doc. 30.
[3] R. Doc. 34.
[4] No. 21-1390, R. Doc. 1 at ¶ 5.

filed a verified complaint in limitation pursuant to Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure.[5] The Court set the deadline for potential claimants to file claims against the vessel as October 25, 2021.[6] After the October 25 deadline had passed, the Court entered a default against any claimants who had not timely filed claims in this action.[7]

At the time of the allision, Schouest was employed by Cooper/T. Smith Mooring Co. as a port captain.[8] After the allision, Schouest was called to the scene of the accident to help secure the barge facility.[9] While he was helping to secure the facility, Schouest sustained injuries to his bilateral shoulders and bilateral knees.[10] Schouest now seeks leave to file a late claim.[11]

## **LAW AND ANALYSIS**

Supplemental Admiralty Rule F(4) provides that the Court may "enlarge the time within which claims may be filed" for "cause shown." The Fifth Circuit has held that courts should consider the following factors when determining whether such cause exists: "(1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the parties; and (3) the claimant's reasons for filing late."[12] "[R]elief from a tardy claim is not a matter of right. It depends on an equitable showing."[13]

The first factor weighs in favor of allowing the late claim as the proceeding is

---

[5] No. 21-1390, R. Doc. 1.
[6] No. 21-1390, R. Doc. 7.
[7] R. Doc. 21.
[8] R. Doc. 27-1 at 2.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 27.
[12] *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993)
[13] *Id.* (quoting *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 363 (5th Cir.1963)).

pending and undecided. No final determination has been made by this Court on any issue. Discovery remains open and ongoing, and Schouest represents very little discovery has actually been conducted to date.[14]

The second factor weighs in favor of allowing the late claim as the rights of the parties will not be adversely affected by the Schouest's claim. Schouest filed his claim less than three weeks after this Court's filing deadline of October 25, 2021, and less than two weeks after this Court's order of a default precluding claims filed after the deadline. As stated above, this case is in its early stages, and there has been no final determination of liability or allocation of fault that a new claim would disrupt. Petitioners point to no other potential prejudice or adverse effects that may arise as a result of Schouest's claim.

The third factor, Schouest's reason for filing late, also weighs in favor of allowing the late claim. Schouest had no knowledge of this limitation action or its filing deadline.[15] He was not a known claimant to whom Petitioners were required to mail notice,[16] and he was also never told or otherwise informed by anyone at Crescent Towing & Salvage or Cooper/T. Smith of these proceedings or that he was required to file a claim.[17] Schouest does not subscribe to the *Times Picayune | New Orleans Advocate*, in which notice was posted, or visit its website.[18] Moreover, during the period for filing, Hurricane Ida struck Southeast Louisiana, which not only damaged Schouest's home but disrupted his electricity, internet service, and cellphone service for approximately a month.[19] Schouest

---

[14] R. Doc. 27-1 at 4.
[15] R. Doc. 27-2.
[16] *See* R. Docs. 27-1 at 4, R. Doc. 30 at 3. The Court in no way implies that Petitioner's notice was deficient. The fact is simply that Schouest did not receive notice.
[17] R. Docs. 27-1 at 6 and 27-2 at ¶ 4.
[18] *Id.*
[19] *Id.*

filed this motion for leave two days after receiving notice of this limitation proceeding.[20]

Because these proceedings are in their early stages, no prejudice will result from allowing Schoest's late claim, and Schouest acted expeditiously in filing this motion after a short and understandable delay, the Court finds the balance of equities weighs in favor of allowing Schouest to file a late claim.[21]

## CONCLUSION

**IT IS ORDERED** that Claimant Gawain M. Schouest's motion for leave to file a late claim and answer to the verified complaint in limitation[22] is **GRANTED**. Schouest's attached Answer to Complaint and Claim in Limitation shall be filed on the record.

**IT IS FURTHER ORDERED** that the order of default[23] is **VACATED IN PART** insofar as it places Claimant Gawain M. Schouest in default and bars him from filing a claim in this action.

**New Orleans, Louisiana, this 15th day of December, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 27-1 at 4.
[21] *See Cornerstone Chemical Company v. NOMADIC MILDE M/V*, No. 20-1411, 2020 WL 4540336, at *2 (E.D. La. Aug. 6, 2020); *In re R & B Falcon Drilling USA, Inc.*, No. 02-0241, 2003 WL 296535, at *1 (E.D. La. Feb. 10, 2003).
[22] R. Doc. 27.
[23] R. Doc. 21.